# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement"), is effective as of June 30, 2021 by and between Jorge Zelidon (hereinafter "Employee") and Staubitz Meat Market, Inc. (hereinafter "Staubitz Market" or "Company"), John Macfadden Sr. and John Macfadden Jr. (hereinafter "the Macfaddens"). The term "Company" used herein shall include Staubitz Meat Market, Inc. and all of its employees, agents, and attorneys, together with their predecessors, successors and assigns, both jointly and severally. The Company and the Macfaddens may sometimes be referred to herein collectively as the Employer. Employer and Employee may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

## W I T N E S S E T H:

**WHEREAS**, Employee previously worked for Employer;

**WHEREAS**, a dispute arose between Employee and Employer regarding compensation;

**WHEREAS**, Employee claims he is owed monies relating to overtime, wages and related damages;

**WHEREAS**, on or about November 20, 2020, Employee sent a letter to Staubitz Meat Market, Inc. setting forth damage calculations and legal bases upon which a formal legal claim could be asserted ("Claim Letter"); and,

**WHEREAS**, on or about January 28, 2021, Employee initiated a lawsuit against Staubitz Meat Market, Inc. in the United States District Court for the Eastern District of New York District of New York, such case being styled *Zelidon v Staubitz Market*, Civil Action File Number 1:21-cv-00476 (the "Lawsuit");

**WHEREAS**, on June 28, 2021, the parties participated in a settlement conference with federal Magistrate Judge Lois Bloom; and,

**WHEREAS**, Employee and the Employer wish to compromise and settle all of their respective claims against the other relating to the Lawsuit and Claim Letter,

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Employee and Employer hereby agree as follows:

I. **PAYMENT AND CONSIDERATION**

  A. *Amount & Characterization*: In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the Employer agrees to issue the following payments, totaling **$70,000.00:**

  1. **$46,000.00**, payable to **Jorge Zelidon** in consideration for his alleged damages and releases hereunder; and

1

2. **$24,000.00** payable to **AndersonDodson, P.C.**, for litigation expenses, costs, and attorneys' fees, consisting of $23,285.58 in attorney fees and $714.42 in litigation costs and expenses.

B. *Delivery.* Payments shall be made by *Wire Transfer* to Employee's counsel's trust account. Detailed wire transfer instructions shall be provided separately.

II. **TERMS FOR PAYMENT OVER TIME**

A. *Payment Schedule.* Payments shall be received in the following amounts on or before the following dates:

| Date | Payee | Amount |
| --- | --- | --- |
| Within ten (10) days of Court Approval | AndersonDodson PC – Trust Acct. | $17,500 |
| Thirty (30) days following the first payment. | AndersonDodson PC – Trust Acct. | $17,500 |
| Sixty (60) days following the first payment. | AndersonDodson PC – Trust Acct. | $17,500 |
| Ninety (90) days following the first payment. | AndersonDodson PC – Trust Acct. | $17,500 |

B. *Held In Trust.* Counsel for the Employee agrees to hold the funds described above in trust and not disburse them until such time as the Court approves the settlement or closes the case, whichever occurs earlier, as more fully described below.

C. *Late Fees.* If the payments are not received within ten (10) calendar days of their due dates, following written notice, they will be assessed a late fee of 10% of the amount then due and owing. The reason for this is to avoid administrative costs above and beyond those contemplated under the payment terms of this agreement.

D. *Escrowed Confession of Judgment.* On behalf of Staubitz Market and themselves individually, the McFaddens agree to sign the Confession of Judgment attached hereto. This Confession of Judgment shall be delivered to Employee's attorneys contemporaneously with the executed agreement. Employee's attorneys agree to hold this confession of judgment in escrow and will not cause it to be filed *unless* the following actions and inactions occur. If a payment is not received within ten (10) calendar days of its due date, following written notice, counsel for the Employee shall notify Employer and its counsel in writing. Thereafter, if the payment is not received within ten (10) calendar days of the notice, Employee or

Employee's Counsel may file the confession of judgment in court with no further notice to the Employer.

III. ADDITIONAL CONSIDERATION BY THE PARTIES

    A. **No Retaliation.** Employer agrees not to engage in any activities against Employees which are in retaliation for his participation in the lawsuit, to the extent required by the FLSA and/or NYLL.

IV. DISMISSAL OF ACTION

    A. Upon full execution of this Agreement, or within three (3) business days thereof, the parties agree that the Employee's counsel will cause to be filed with the Court a Motion to Approve Settlement, such as attached hereto as Exhibit A, and/or any other documents needed to obtain settlement approval and case closure.

    B. Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on June 30, 2021.

    C. Employee agrees to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

V. RELEASE

    A. For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Employee knowingly and voluntarily releases and forever discharges the Employer from any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Employee ever had or now has against the Employer, related to or with:

        1. the Lawsuit;

        2. the Claim Letter;

        3. all claims for overtime, minimum wage, and any other claims for wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, or New York Labor Law Minimum Wage Act ("NYLL");

        4. all correlative common law claims associated with nonpayment or underpayment of wages including, but not necessarily limited to, breach of contract, unjust enrichment, or other similar claims.

3

B. The Parties expressly acknowledge that the Employee has a pending workers compensation claim and that this agreement has no effect and makes no releases in regard to that claim.

## VI. MISCELLANEOUS

A. **Governing Law & Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York. The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of New York and any proceedings raised shall take place in New York courts.

B. **Effective Date.** This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the Employee's execution of this Agreement. The parties acknowledge that upon execution of this Agreement by Employee and Employer, it will be binding upon the Employee and Employer and is irrevocable. Employer further acknowledges that this provision does not abrogate its duty to issue payment to the Employee pursuant to the provisions regarding consideration above.

C. **Entire Agreement.** This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

D. **Severability.** Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. **No Admission of Liability.** It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

F. **Taxes.** Employee agrees to be responsible for any taxes associated with the payments made to her hereunder. Plaintiff understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Plaintiff agrees to indemnify the Defendants and to hold the Defendants harmless for Plaintiff's share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement. Plaintiff's counsel shall provide a copy of all necessary information needed for tax purposes

4

DocuSign Envelope ID: 8779335D-E0A5-470F-B5K3-1C849735736

G. ***Knowing And Voluntary Waiver And Release:*** The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

H. ***Representations.*** As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

I. ***Modification.*** This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

J. ***Interpretation.*** Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

K. ***Additional Documents and Responsibilities.*** The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party. The exception to this is that, should Employee or his counsel be forced to enforce this Agreement because of nonpayment in accordance with the provisions set forth above, Employer agrees to pay Employee's reasonable attorney fees for having to do so.

L. ***Binding Agreement.*** This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

M. ***Counterparts and Signatures.*** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, scanned, or secured electronic signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by secured electronic signature software, fax, or pdf attachments to emails.

N. **_Headings._** Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

O. **_Defined Terms._** Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

P. **_Pronouns._** Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

Q. **_Time is of Essence._** TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

R. **_Notices._** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
| Employer | John McFadden Sr.<br>Staubitz Market<br>222 Court Street,<br>Brooklyn, New York 11201 | Jason Mizrahi, Esq.<br>LEVIN-EPSTEIN & ASSOCIATES, P.C.<br>60 East 42nd Street, Suite 4700<br>New York, NY 10165<br>Jason@levinepstein.com |
| Employee | Jorge Zelidon<br>130-56 115th St.<br>Queens, NY 11420 | Penn A. Dodson, Esq.<br>ANDERSONDODSON, P.C.<br>11 Broadway, Suite 615<br>New York, NY 10004<br>penn@andersondodson.com |

IN AGREEMENT HERETO, the Employee and the below representative of Employer set their hand and seal.

_/s/ Jorge Zelidon_  
Jorge Zelidon

7/27/2021  
_____  
Date

_[signature]_       8/5/21

John Macfadden Jr.       Date
For Staubitz Market and
In his Individual Capacity

_[signature]_       8/5/21

John Macfadden Sr.       Date
For Staubitz Market and
In his Individual Capacity

7