UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JORGE ZELIDON,

                Plaintiff,                            **REPORT AND RECOMMENDATION**
                                                             21 CV 476 (EK)(LB)

      -against-

STAUBITZ MEAT MARKET, INC.,
JOHN MCFADDEN, SR., an individual, and
JOHN MCFADDEN, JR., an individual,

                Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. and the New York Labor Law ("NYLL") §§ 190, 651 et. seq. seeking to recover overtime wages, spread of hours wages and damages for failure to provide wage notices. Compl. ¶¶ 1, 35-36 42-47, ECF No. 1. The Honorable Eric R. Komitee referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated herein, it is respectfully recommended that the parties' motion for settlement approval should be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff Jorge Zelidon was employed as a butcher at defendants' store, Staubitz Meat Market in Brooklyn, from December 16, 2016 to April 9, 2020. Compl. ¶¶ 5, 24. Plaintiff worked six days per week, starting work each day between 8:00 and 8:30 a.m. and finishing at approximately 7:00 p.m. Id. ¶ 28. He alleges that, although he worked approximately fifty hours per week, he was paid a flat amount of $925 each week. Id. ¶¶ 29, 31. He claims he did not receive overtime when he worked over forty hours a week or spread of hours pay when he worked more

1

than ten hours a day. Id. ¶ 1. He further claims that defendants never provided him with paystubs or wage notices. Id.

Plaintiff commenced this action on January 28, 2021, ECF No. 1, and defendants answered on March 26, 2021, ECF No. 13. The Court held a settlement conference on June 28, 2021, but the parties were unable to reach a resolution at that time. See Electronic Order dated June 28, 2021. The parties subsequently reached a settlement and now move for Court approval of their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d. Cir. 2015). In support of their motion, the parties provide a joint motion for settlement approval,[1] (Mot. Settle., ECF No. 16), and a signed copy of their settlement agreement, (Settle. Agreement, ECF No. 16-1).

## DISCUSSION

### I. Standard for Settlement Approval

Pursuant to Cheeks v. Freeport Pancake House, Inc., "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect. 796 F.3d 199, 206 (2d Cir. 2015). This approval requirement is intended to ensure FLSA's objective of insuring that all workers are fairly compensated. Id. (quoting A.H. Phillios, Inc. v. Walling, 324 U.S. 490, 493 (1945)). Review also furthers FLSA's remedial purpose, namely preventing abuse while accounting for the uneven power dynamic between employers and employees. Id. at 207. As discussed by the Cheeks' Court, certain provisions within a settlement agreement are unacceptable when subjected to judicial review. Id. Such provisions include: (1) restrictive confidentiality provisions; (2) overbroad releases that waive all claims, especially those with no connection to a plaintiff's

---

[1] The parties' motion for settlement approval is a three page document, attached as pages 8-10.

2

wage-and-hour case; (3) and awards of attorney's fees without record support. Id. at 206 (quoting Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170, 177-82 (S.D.N.Y. 2015).

In reviewing FLSA settlement agreements, Courts are ultimately seeking to determine if the parties' proposed resolution is "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925(NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Although not an exhaustive list, this reasonableness determination includes review of the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Id. (citing Medley v. Am. Cancer Soc., No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Certain factors weigh against approving a settlement, including:

> (1) [T]he presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

Id. (internal quotation marks omitted). There is a strong presumption in favor of finding a proposed FLSA settlement agreement to be fair and reasonable because the Court can never be "in as good of a position as the parties to determine the reasonableness of an (sic) FLSA settlement." Martinez Aguilar v. VBFS Inc., No. 19-CV-621(JLC), 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020) (internal quotation marks omitted) (quoting Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); Cortes v. Bronx Bar and Grill, LLC, No. 19-CV-2819(SN), 2019 WL 6318430, at *1 (S.D.N.Y. Nov. 25, 2019) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

3

**II. The Parties' Settlement Agreement**

**A. Terms of the Parties' Agreement**

The parties' agreement provides that defendants shall pay plaintiff $70,000 to settle plaintiff's claims, inclusive of attorney's fees in the amount of $23,285.58 and costs of $714.42. Settle. Agreement ¶ I.A. Payment of the full settlement amount will occur in four installments, each totaling $17,500. Id. ¶ II.A. The first payment will occur within ten days of Court approval of the parties' settlement agreement with additional payments every thirty days thereafter until the full amount has been paid. Id. The payments will all be made to plaintiff's counsel and, after the Court's approval, counsel will distribute funds to plaintiff according to the parties' agreement. Id. ¶ II.B. Defendants also agree to sign a confession of judgment, to be held in escrow by plaintiff's counsel, which may be filed in court should defendants fail to pay as required by the agreement. Id. ¶ II.D. In exchange for payment, plaintiff "releases and voluntarily discharges" defendants from all claims asserted in this lawsuit or for non-payment of wages under FLSA or the NYLL. Id. ¶ V.A. The agreement acknowledges plaintiff's pending workers' compensation claim and states that plaintiff's workers' compensation claim shall be unaffected by the parties' settlement. Id. ¶ V.B. The Court shall retain jurisdiction over this matter to enforce the terms of the settlement. Id. ¶ IV.C.

**B. The Parties' Agreement is Reasonable**

The Court looks to the factors discussed in Wolinsky v. Scholastic, Inc. when determining the reasonableness of the settlement. The first factor is the range of possible recovery. Wolinsky, 900 F. Supp. 2d at 335. A determination "whether a settlement amount is reasonable 'is not susceptible to a mathematical equation yielding a particularized sum'" but must account for "'the uncertainties of law and fact in any particular case.'" Bryant v. Potbelly

Sandwich Works, LLC, No. 17-CV-7638(CM)(HBP), 2020 WL 563804, at *5 (S.D.N.Y. Feb. 4, 2020) (first quoting In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000); then quoting Henry v. Little Mint, Inc., No. 12 Civ. 3996(CM), 2014 WL 2199427, at *10 (S.D.N.Y. May 23, 2014). The factors to be considered also include the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses [and] the seriousness of the litigation risks faced by the parties." Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted) (quoting Medley, 2010 WL 3000028, at 1*).

The parties assert that their agreement is a "fair and reasonable resolution of a bona fide dispute." Mot. Settle. 9. Here, the settlement eliminates the risks presented by continued litigation and provides certainty about plaintiff's recovery. See Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15-CV-2215(CBA)(VMS), 2020 WL 1289517, at * 3 (E.D.N.Y. Mar. 18, 2020). The desire to avoid these risks weighs in favor of settlement approval. See Cionca v. Interactive Realty, LLC, No. 15-CV-5123(BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (finding a settlement amount reasonable given the "risk and expense" of further litigation).

The Court must also consider whether the settlement "is the product of arm's length bargaining between experienced counsel." Wolinsky, 900 F. Supp. 2d at 335 (quoting Medley, 2010 WL 3000028, at 1). The parties state that they achieved the present settlement after consultation with their respective counsel. Mot. Settle. 9. Having conducted a settlement conference in this case, at which the Court observed counsels' performance and interaction with their clients, there is no reason to believe that the parties' agreement is anything other than "the result of arm's-length negotiations between counsel experienced in wage and hour matters." See

Acosta v. Prudent Mgmt., LLC, No. 17-CV-7590(VSB), 2021 WL 391332, at *2 (S.D.N.Y. Feb. 4, 2021).

### C. The Parties' Agreement is Proper

FLSA settlements which purport to waive all claims against a defendant, including those unrelated to wage-and-hour issues, should be rejected. Cheeks, 796 F.3d at 206 (citation omitted); Gurung v. White Way Threading, LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (collecting cases). Rather than protect plaintiffs, overbroad releases are ripe for abuse and their use was one of the factors which contributed to the Second Circuit's decision in Cheeks, requiring judicial review of FLSA settlements. Id. (quoting Cheeks, 796 F.3d at 206)). Courts generally approve release provisions which, by their specific terms, are limited to wage and hour claims. See, e.g., Flores Galloso v. 3821 Food Corp., No. 20-CV1940(RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021) (collecting cases); Pena v. NB Network Sols., Inc., No. 19-CV-1681(RA); 2020 WL 2614767, at *2 (S.D.N.Y. May 22, 2020); Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., No. 17-CV-272(KAM)(LB) 2019 WL 2526087, at *7 (E.D.N.Y. June 19, 2019).

The parties' settlement agreement's release provision is narrowly tailored. In pertinent part, it states plaintiff discharges defendants from all claims related to this lawsuit and "all claims for overtime, minimum wage, and other claims for wages pursuant to" FLSA or the NYLL. Settle. Agreement ¶ V.A. This release, limited to unpaid wages and wage statement violations, should be approved. See Wiles v. Logan Staffing Sols., No. 18-CV-9953(RA), 2020 WL 996735, at *2 (S.D.N.Y. Mar. 2, 2020) (approving a release limited to unpaid wages); Yunda v. SAFI-G, Inc., No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (approving of a release which is limited to FLSA claims).

Non-disparagement clauses and confidentiality provisions, which bar plaintiffs from making public statements about their wage claims, may not be included in a FLSA settlement. See Souza v. 65 St. Marks Bistro, No. 15-CV-327(JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015); Alt v. Social Impact 360, Inc., No. 20 Civ. 4478(ER), 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020). The instant settlement agreement does not contain any such clause.

### D. Attorney's Fees and Costs

Prevailing plaintiffs are entitled to recover reasonable attorney's fees under both FLSA and the NYLL but must provide adequate support for the requested amount. Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing N.Y. State Ass'n for Retarded Child, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)). Courts must consider the reasonableness of requested fee amounts in the context of the entire FLSA settlement agreement. See id. at 606. Attorney's fee awards of two to six times the lodestar amount are common. Weston v. TechSol, LLC, No. 17-CV-141(CLP), 2018 WL 4693527, at *9 (E.D.N.Y. Sept. 26, 2018) (collecting cases).

The lodestar amount, the product of the attorney's hourly rate and the time spent working on the case, is often used to evaluate the reasonableness of requested attorney's fees. See Cegueda-Juarez v. Cleanwear USA 2, Inc., 18-Civ-1604(PAC), 2019 WL 5485253, at *2 (S.D.N.Y. Oct. 25, 2019); Scott v. BK Beasts LLC, No. 17-CV-699(RRM)(PK), 2018 WL 2088280, at *2 (E.D.N.Y. May 3, 2018) (citing Frank v. Eastman Kodak Co., 228 F.R.D. 174, 189 (W.D.N.Y. 2005)). The Court will also look to "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." Cegueda-Juarez, 2019 WL 5485253, at *2 (citing Lopez v. Ploy Dee, Inc., No 15-CV-647(AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)).

Plaintiff requests attorney's fees of $23,285.58 and costs of $714.42. Mot. Settle. 9. This amount is approximately 33% of the overall settlement and approximately 1.6 times the lodestar amount documented in plaintiff's counsel's billing records.[2] Plaintiff's billing records document the time spent working on this matter and the hourly rates of the personnel at plaintiff's counsel's firm. ECF No. 17-3. Counsel also provided a receipt documenting service of process fees. ECF No. 17-4. Although counsel did not provide a receipt for the filing fee, the Court takes judicial notice of this amount.[3] Callari v. Blackman Plumbing Supply, Inc., No. 11-CV-3655(ADS)(AKT), 2020 WL 2771008, at *17 (E.D.N.Y. May, 4, 2020) (citing Ortega v. JR Primos 2 Rest. Corp., No. 15-CV-9183, 2017 WL 2634172, at *8 (S.D.N.Y. June 16, 2017)) Report and Recommendation adopted by 2020 WWL 2769266 (E.D.N.Y. May 28, 2020). The Court has reviewed the records provided by counsel and, given the facts and circumstances of this case, finds the requested attorney's fee award of one-third of the overall settlement to be reasonable and comparable with other FLSA attorney's fee awards in this Circuit. See Pucciarelli v. Lakeview Cars, Inc., No. 16-CV-4751(RRM)(RER), 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017). The Court is also mindful that although the requested fee is higher than the lodestar amount, this increased amount accounts not only for the contingent nature of counsel's fee but also for the time to be spent "administering the settlement going forward." Id. (first quoting In re Platinum & Palladium Commodities Litig., No. 10-CV-3617(CCH), 2015 WL 4560206, at *3 (S.D.N.Y. July 7, 2015); and then quoting Willix v. Healthfirst, Inc., No. 07-CV-

---

[2] The requested fee of 23,285.58 divided by the documented outstanding attorney's fee balance of $14,408.00 equals approximately 1.61.

[3] In addition to the filing fee and fees for service of process, plaintiff also requests $195 for what are termed "untrackable costs." Pl.'s Sept. 3, 2021 Letter 2, ECF No. 17. Counsel's retainer agreement states that this fee covers postage for mailings and is applied in lieu of separate billing for small costs. Retainer Agreement 4, ECF No. 17-2. Although plaintiff has not provided documents to support these costs, the Court finds the costs to be de minimis in light of the overall $70,000 settlement in this matter. However, counsel should take care in the future to track all costs for which reimbursement will be requested.

1143(ENV)(RER), 2011 WL 754862, at *8 (E.D.N.Y. Feb 18, 2011)). Accordingly, I find the costs and attorney's fees reasonable and therefore recommend that they should be approved.[4]

## CONCLUSION

Accordingly, I respectfully recommend that the parties' instant motion for settlement approval should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 14, 2021
       Brooklyn, New York

---

[4] Plaintiff originally did not provide receipts for counsel's expenses. The Court ordered counsel to provide receipts documenting the requested costs and counsel promptly complied. Pl.'s Sept. 3, 2021 Letter, ECF No. 17.